UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOSHUA T. NARUG,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 2:19-CV-490 JD |

**OPINION AND ORDER**

Plaintiff Joshua Narug's counsel has moved for approval of attorneys' fees pursuant to 42 U.S.C. § 406(b). (DE 29.)

Mr. Narug initially applied for disability insurance benefits in 2016, alleging that he became disabled two years earlier. After repeated denials of his claim at each administrative level, he appealed to this Court. In February 2021, the Court remanded the case to the Commissioner for further proceedings. The Court then granted counsel's motion for an EAJA award in the amount of $1,766.75.[1] On remand, Mr. Narug's claim for benefits was approved in August 2021, and he was awarded total past-due benefits in the amount of $93,613.

Before appealing the administrative rulings, Mr. Narug entered into a fee agreement with his counsel. Under the agreement, he assigned to counsel "the right . . . to ask the Court to award as much as 25% of [his] past due benefits for representing [him] in court." (DE 29-1.) Counsel now requests that the Commissioner remit $23,403.25 (25% of $93,613) to him out of Mr.

---

[1] Counsel represents that he has not received this amount, presumably because the fee was seized by the federal government to pay Mr. Narug's pre-existing debt. (DE 29 at 7.)

Narug's past due benefits. The Commissioner does not oppose the request for attorney's fees, but does argue that the requested amount is unreasonable.

Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A). Counsel cannot recover fees under both the EAJA and § 406(b), though, so they must either refund the EAJA award or subtract that amount from the § 406(b) request. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (explaining that "an EAJA award offsets an award under Section 406(b)").

The fees awarded under 406(b) must be reasonable. *Gisbrecht*, 535 U.S. at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered . . .
>
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

*Id*. at 807–08 (citations and footnotes omitted).

The Seventh Circuit has held that "[t]here is no one correct formula for determining a fee award, and therefore the district court's calculation is anything but an arithmetical exercise," *Tomazzoli v. Sheedy*, 804 F.2d 93, 97 (7th Cir. 1986), but the Court must ensure that the fee award doesn't amount to a windfall:

> We agree that the fee agreement entered into by the parties should be the starting place for a court's review but that amount may be reduced if appropriate. If the fee award amounts to a "windfall," the court must carefully review the reasonableness of the contingency agreement. In all cases, the court should consider the reasonableness of the contingency percentage to make sure the attorney does not receive fees which are out of proportion to the services performed, the risk of loss and the other relevant considerations.

*McGuire v. Sullivan*, 873 F.2d 974, 981 (7th Cir. 1989)

*******

The Court finds that the requested fee requires a downward adjustment to avoid a windfall for counsel. Counsel represents that 9.55 hours of attorney work occurred before this Court. Awarding the requested fee of $23,405.25 would result in an hourly rate of $2,450.60, which is well above the range of rates that courts have approved in this context. *See Long v. Saul*, No. 3:19-CV-155, 2021 WL 2588110, at *1 (N.D. Ind. June 24, 2021) (approving a request for attorney's fees of $1,711.96 per hour); *McPeters v. Saul*, No. 4:17-CV-41, 2020 WL 2507935, at *2 (N.D. Ind. May 15, 2020) (approving a request for attorney fees at an effective hourly rate of $1,522.14); *see also Kirby v. Berryhill*, No. 14 CV 5936, 2017 WL 5891059, at *2 (N.D. Ill. Nov. 29, 2017) (approving a request for attorney fees at an effective hourly rate of $1,612.28). While counsel cites numerous cases to demonstrate the equivalent hourly rates in social security appeals, none of them come even close to the equivalent hourly rate of $2,450. The Court finds that a windfall would result if the requested fee were approved, even as it recognizes the excellent results Mr. Narug's counsel achieved in this action, without wasting time or unnecessarily burdening the Court. The Court is also cognizant that this case was taken on a contingency basis, without a guarantee that Mr. Narug would prevail. Moreover, Mr. Narug has agreed to the 25% fee. Yet even with those considerations, a fee in this amount for less than 10 hours of legal work would be unreasonable and would have the tendency to inflate counsel's

share of the past-due awards in future cases. This was not an overly complicated case. While counsel's opening brief is twenty pages long, the argument section takes up less than four pages. The rest of the pages are filled with the well-established legal standards, procedural history of the case, and recitation of the medical history. Plaintiff's argument in the reply brief is contained in just two pages. Moreover, as the Court's reversal of the Commissioner's decision shows, the ALJ's error was easy to spot. (*See* DE 22 at 8 ("Because the Court cannot determine whether the ALJ properly took into account all of the medical evidence in the record, it cannot determine whether the RFC and ultimate determination of non-disability were supported by substantial evidence.") Accordingly, the Court will reduce the amount of the attorney's fees.

Nevertheless, the Court finds that the award of the attorney's fees must be substantial given that counsel provided excellent legal services on behalf of his client. In particular, the Court finds that an award of $16,713 in attorney's fees, at the effective rate of $1,750 an hour, is reasonable in this case. This amount takes into consideration the risk of non-recovery in appealing the Administration's decisions, *see Martinez v. Astrue*, 630 F.3d 693, 695 (7th Cir. 2011) ("A study found that the district courts . . . reversed 6.15 percent of denials outright and ordered benefits awarded in those cases, and remanded 48 percent of the denials, and 60 percent of the remands eventuated in a grant of benefits."); *see also Hensley v. Eckerhart*, 461 U.S. 424, 448–49 (1983) (Burger, C.J., concurring) ("Attorneys who take cases on contingency, thus deferring payment of their fees until the case has ended and taking upon themselves the risk that they will receive no payment at all, generally receive far more in winning cases than they would if they charged an hourly rate."), the results obtained by Mr. Narug's counsel, and the time counsel expended on the matter. Although counsel spent less than 10 hours drafting the briefs, this was not a case in which counsel filed boilerplate briefs, or won with no effort, or the

Commissioner's decision was reversed on a technicality. Finally, the fee agreement between Mr. Narug and his counsel contemplates a substantial fee in case of a recovery and the award of $16,713 is consistent with that agreement.

Therefore, the Court AWARDS attorney's fees under § 406(b) in the amount of $16,713. (DE 35.) That amount is then reduced by the previous EAJA fee award ($1,766.75).[2] The Court ORDERS the Commissioner to pay Counsel $14,946.25 out of the award of past-due benefits. Per counsel's motion, this payment should be paid to the counsel's law office.

SO ORDERED.

ENTERED: August 29, 2022

/s/ JON E. DEGUILIO
Chief Judge
United States District Court

---

[2] This method of awarding attorney's fees is known as the "netting method." *O'Donnell v. Saul*, 983 F.3d 950 (7th Cir. 2020). Under this method, the Commissioner remits to counsel the balance of the § 406(b) award after being reduced by the EAJA fee counsel was previously awarded. *Id.* at 953. An alternative method awards the full amount provided for under § 406(b) and then requires counsel to return directly to the client the EAJA award. *Id.* at 953–54. Both the netting method, and the method requiring direct refund of EAJA fees, are "permissible." *Id.* at 959.